UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPHINE HOWARD                                      CIVIL ACTION

VERSUS                                                No. 09-164

WAL-MART STORES, INC.; WAL-                           SECTION I/3
MART LOUISIANA, LLC; GWEN
PENDLETON; and XYZ ROOFING
COMPANY

## ORDER AND REASONS

Before the Court is a motion to remand for lack of subject matter jurisdiction, filed on behalf of plaintiff, Josephine Howard ("Howard").[1] Defendants, Wal-Mart Stores, Inc., Wal-Mart Louisiana, LLC (collectively "Wal-Mart"), and Gwen Pendleton ("Pendleton), have opposed the motion.[2] For the following reasons, Howard's motion to remand is **GRANTED.**

### *BACKGROUND*

On December 17, 2008, Howard filed this lawsuit for damages in Civil District Court for the Parish of Orleans.[3] Howard claims that while shopping at a Wal-Mart store in New Orleans on or about April 26, 2008, she slipped and fell on a puddle of water created by a leak in the roof.[4] She claims she sustained severe and disabling injuries as a result of this fall.[5]

---

[1] R. Doc. No. 15.

[2] R. Doc. No. 17, mem. opp'n.

[3] R. Doc. No. 1-3. petition.

[4] Id. ¶4.

[5] Id. ¶5.

1

On January 20, 2009, defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1332.[6] Defendants claim that Howard improperly joined Pendleton, the Wal-Mart store manager and a Louisiana citizen, as a defendant to destroy diversity and prevent removal. Howard filed this motion to remand, claiming that the allegations against Pendleton provide a sufficient basis for recovery against her and that, as a Louisiana citizen, her presence divests this Court of subject matter jurisdiction.

## *LAW AND ANALYSIS*

**I.    STANDARD OF LAW**

A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c) (2006); Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc., 485 F.3d 804, 813 n.3 (5th Cir. 2007). The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The removal statute is to be strictly construed. Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000). In order to determine whether jurisdiction is present, a court must "consider the claims in the state court petition as they existed at the time of removal." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

---

[6] R. Doc. No. 1, notice of removal.

## II. IMPROPER JOINDER

"Regarding claimed improper joinder, '[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper.'" In re 1994 Exxon Chemical Fire, 558 F.3d 378, 384-85 (5th Cir. 2009) (quoting Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (alteration in original). The question for the district court "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. at 385 (quoting Smallwood, 385 F.3d at 573) (internal quotation marks omitted). "In applying this test, a court may 'pierc[e] the pleadings' and consider summary-judgment-type evidence, such as affidavits and deposition testimony." Id. (quoting Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990)) (alteration in original).

### A. *Employee Liability Under Louisiana Law*

In this diversity case, the Court applies state law to evaluate the sufficiency of Howard's claims against Pendleton. The Fifth Circuit has cited the four-part test articulated in Canter v. Koehring Co., 283 So. 2d 716 (La. 1973), for determining "whether individual liability may be established against an employee for breach of a duty imposed solely by reason of his employment or agency relationship." In re 1994 Exxon Chemical Fire, 558 F.3d at 385. Canter sets forth the test as follows:

> 1. The principal or employer owes a duty of care to the third person . . ., breach of which has caused the damage for which recovery is sought.
> 2. This duty is delegated by the principal or employer to the

3

defendant.

3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances – whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

Canter v. Koehring Co., 283 So. 2d 716, 721 (La. 1973).

B.  *Howard's Allegations Against Pendleton*

In her state court petition, Howard sets forth the following allegations against Pendleton:

Petitioner avers that a proximate cause of the foregoing accident was due to the negligence of the defendant, Gwen Pendleton in her capacity as an employee and Manager of Wal-Mart Store # 5022 in the following particulars:
- Failure to inspect and maintain proper upkeep of public premises;
- Failure to observe the hazardous puddle;
- Failure to warn patrons of possible danger;
- Failure to properly manage and supervise the store

4

from a safety perspective;
-           Failure to take all reasonable care and caution under
            all the circumstances then and there existing;
-           Any and all other negligent acts which may become
            apparent at trial on this matter.[7]

Considering these allegations, the Court concludes that there exists a possibility, although perhaps remote, that Howard will be able to recover against Pendleton. Defendants have not met the "heavy burden" of demonstrating improper joinder; Pendleton is properly before the Court as a party defendant. As a result, there is not complete diversity among the parties and, therefore, this Court lacks subject matter jurisdiction.[8]

---

[7] Petition ¶7. Howard also claims in her reply brief that Pendleton acted as the Wal-Mart representative when she accepted Howard's accident statement. R. Doc. No. 15-2, mem. supp. at 2; R. Doc. No. 23, ex. 1.

[8] The Court notes that at least four courts in this district and one in a neighboring district have reached the same conclusion involving personal injury claims against large retail stores, including Wal-Mart, and their managers or employees. See Cummins v. Wal-Mart Corp., No. 96-4025, 1997 WL 52437 (E.D.La. Feb. 6, 1997); LeBlanc v. Wal-Mart Stores, Inc., No. 94-3430, 1994 WL 715982 (E.D.La. Dec. 21, 1994); Robertson v. Ward, No. 92-4301, 1993 WL 35108 (E.D.La. Feb. 9, 1993); McCoy v. Bergeron, No. 92-78, 1992 WL 40828 (E.D.La. Feb. 26, 1992); Freeman v. Wal-Mart Stores, Inc., 775 F. Supp. 208 (W.D.La. 1991).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Howard's motion to remand is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, April 13, 2009.

                                        **LANCE M. AFRICK**
                              **UNITED STATES DISTRICT JUDGE**